## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| MELODIE V. SHULER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PARTNER JD, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 3:15cv170–HEH |

## MEMORANDUM OPINION
### (Granting Defendants' Motion to Dismiss)

Melodie V. Shuler ("Plaintiff"), an attorney proceeding *pro se*, filed this suit alleging discrimination on the basis of her race against Defendant BrownGreer PLC ("BrownGreer"), as well as Breach of Contract and Fraud against both Defendant Partner JD ("PartnerJD") and BrownGreer. Specifically, Shuler alleges that BrownGreer created a hostile work environment and retaliated against her by terminating her employment after she reported purported discrimination to Partner JD and individuals at BrownGreer, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17 ("Title VII"). Shuler contends that both parties committed breach of contract and fraud by not permitting her to work 1,000 hours before terminating her employment.

The matter is before the Court on Defendant Partner JD's Motion to Dismiss Counts Two and Three for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 6) and BrownGreer's Motions to Dismiss Count One for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)

(ECF No. 9).[1] Shuler has responded, and this matter is ripe for disposition. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process.

For the reasons stated herein, the defendants' motions will be granted.

## I. BACKGROUND

Plaintiff, an African-American female, worked for BrownGreer from October 2012 to May 2013.[2] (Compl. ¶ 35, ECF No. 3.) Partner JD, an agency which places individuals with legal entities on a temporary basis, entered into an Employment Agreement (the "Agreement") with Plaintiff in October 2012. (Def. Partner JD's Mot. to Dismiss, Ex. A thereto.) ("Empl. Agr."). That Agreement lists BrownGreer as the client who would employ Plaintiff. (*Id.*) Plaintiff documents that in February of 2013, she complained about statements made by two co-workers that she deemed insensitive and which, she avers, caused her to become stressed and ill from the discriminatory work environment at BrownGreer. (Compl. ¶ 43–44.) Plaintiff explains that after disclosing the statements, she was moved to an undesirable location in the office and told by a supervisor to just ignore the women. (*Id.* at ¶ 45.) Plaintiff contends that she was continuously harassed by co-workers, particularly Chad Gardner. (*Id.* at ¶¶ 16–19.) Plaintiff explains that even after she complained of Gardner's racist, nasty conduct, BrownGreer promoted him to be her supervisor. (*Id.* at ¶ 15.) Plaintiff believed that

---

[1] BrownGreer also filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 11) in which it adopted the reasoning of PartnerJD.
[2] Plaintiff consistently misstates her year of employment throughout her Complaint. As demonstrated by the record in this case, she was employed from October 2012 to May 2013 not from October 2011 to May 2012.

2

Gardner's behavior was motivated by his hope of getting her to voluntarily quit. (*Id.* at ¶ 19.)

In addition to her Title VII claims for hostile work environment and retaliation, Plaintiff contends that BrownGreer and PartnerJD committed breach of contract and fraud related to her employment by not permitting her to complete 1,000 hours of work prior to her termination. (*Id.* at ¶¶ 64–66, 79–83.)

BrownGreer argues that Plaintiff's hostile work environment and retaliation claims are procedurally barred. BrownGreer and PartnerJD move to dismiss Counts Two and Three pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at

3

570, rather than merely "conceivable." *Id.* In considering such a motion, Plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As a general proposition, "[p]leadings must be construed to do justice." Fed. R. Civ. P. 8(d). At the same time, courts recognize that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007); *Orthmann v. Apple River Campground*, 757 F.2d 909, 915 (7th Cir. 1985); and *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)).

### III. DISCUSSION

The defendants seek dismissal on two fronts. First, BrownGreer argues that this Court lacks subject matter jurisdiction over Shuler's Title VII claim as she has not filed an administrative charge with the Equal Employment Opportunity Commission. Second, PartnerJD and BrownGreer challenge the sufficiency of the allegations with respect to Counts Two and Three.[3]

---

[3] As BrownGreer aptly notes, the Employment agreement, although done for the benefit of BrownGreer, is entered into between PartnerJD and Plaintiff. The analysis of whether there is an obligation, however, is equally applicable to BrownGreer.

## A. Exhaustion of Administrative Remedies

Before filing suit, a Title VII plaintiff must file an administrative charge with the EEOC. *Chacko v. Patuxent Institution*, 429 F.3d 505, 506 (4th Cir. 2005). The charge "frames the scope of future litigation," and "'[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'" *Id.* (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)). "[T]he scope of a Title VII lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." *Hill v. Western Electric Co.*, 672 F.2d 381, 390 n.6 (4th Cir. 1982) (citations and internal quotation marks omitted).

Plaintiff has had extensive time to file her purported administrative charge to the EEOC in this action. Indeed, by Order (ECF No. 23) entered on August 10, 2015, the Court granted Plaintiff an additional seven days to file documentation of her administrative charge. She has failed to do so. The burden of proving subject matter jurisdiction, when challenged, resides with the plaintiff. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Because Plaintiff has failed to demonstrate that she filed an administrative charge with the EEOC before filing her Title VII claim, the Court will dismiss Count One without prejudice.

## B. Sufficiency of the Claims

### 1. Breach of Contract

In Count Two, Plaintiff asserts that the employment agreement entered between her and PartnerJD would permit her to complete 1,000 hours of work, and thus BrownGreer's decision to terminate her employment prior to the completion of those hours constituted a breach of contract.[4] The Agreement's terms are straightforward. The Agreement states that Plaintiff's "services [t]hereunder shall be 'at will' and provided only on an as needed basis without any commitment as to minimum use by PartnerJD, LLC or Client." (Empl. Agr. § 3.).[5] The Agreement also notes that the Plaintiff "acknowledges and agrees that th[e] Agreement may be terminated at any time by either party with or without cause or notice." *Id.*

The Work Schedule attached to the Employment Agreement, which pertains to her position at BrownGreer, states that the Plaintiff "is employed at will." (Partner JD's Mot. to Dismiss, Ex. B thereto.) Further, the Work schedule notes that the "[t]he "Estimated Start Date" and "Estimated End Date" are estimates and do not represent a guarantee or promise of employment for any period of time." *Id.* Lastly, the Agreement contains an integration clause providing that "the Employment Agreement constitutes the entire

---

[4] In her opposition, Plaintiff presents, for the first time, a document entitled "Employer Questionnaire" that is released to the Social Security Services Administration. The Court will not consider the document for purposes of this Motion as it was untimely raised. Moreover, the document would be barred by the parol evidence rule. The Employment Agreement signed on October 7, 2012 is the full agreement between the parties.

[5] Although the Plaintiff does not attach the Employment Agreement or November 12, 2012 email to her Complaint, Defendant PartnerJD attaches those documents to its motion to dismiss. The Court may consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic. *See Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th Cir. 2006).

6

agreement between the parties with respect to the matters contained [therein]." (Empl. Agr. § 8.)

Plaintiff argues that the email she received in November concerning the opening for the assignment she received with BrownGreer supplants the Employment Agreement which immediately pertained to BrownGreer's work on a City of Richmond matter. (Pl.'s Opp. to Mots. to Dismiss 2, ECF No. 20.); (Partner JD's Mot. to Dismiss, Ex. B thereto, Nov. 2, 2012 Email). The email pertains to a separate, unrelated assignment in support of claims review pertaining to the BP oil spill. The Employment Agreement provides for assignment on a task by task basis, each potentially inviting different time commitments. It states explicitly that Plaintiff "agrees to provide, on an as needed basis, contract attorney services as may be required by PartnerJD, LLC from time to time." (Empl. Agr. § 1.) The November 2, 2012 email pertained to another assignment, but did not override the terms of the Agreement.

"The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 267 Va. 612, 619 (2004) (citations omitted). The existence of a legally enforceable obligation is a question of law, not fact. *Id.*

"In Virginia, an employment relationship is presumed to be at-will, which means that the employment term extends for an indefinite period and may be terminated by the employer or employee for any reason upon reasonable notice." *County of Giles v. Wines*,

262 Va. 68, 72 (2001).[6] "This presumption may be rebutted, however, if sufficient evidence is produced to show that the employment is for a definite, rather than an indefinite, term." *Id.* (citation omitted).

No reasonable construction of Employment Agreement creates an obligation on PartnerJD or BrownGreer's part to employ Plaintiff for 1,000 hours before her contract becomes a truly at-will employment. Plaintiff's Opposition maintains that the Employment Agreement does not apply because she was brought back to BrownGreer to complete a different task than that envisioned by the agreement. Despite Plaintiff's representation to the contrary, the Agreement is clear. Plaintiff would "provide, on an as needed basis, contract attorney services as may be required by PartnerJD, LLC from time to time." (Empl. Agr. § 1.) The client envisioned by the agreement is BrownGreer. The November 2012 email, again not attached to the Complaint but directly referenced therein, does not supplant the terms of the Employment Agreement. Moreover, assuming *arguendo* that email was of particular relevance, it too does little to provide Plaintiff any relief. It neither expressly displaces the Plaintiff's at-will status nor indicates that the Plaintiff is guaranteed anything other than the potential for conversion to a full time employee after completion of 1,000 hours. As evidenced by the Employment Agreement's explicit terms, there was no legally enforceable obligation on behalf of BrownGreer or PartnerJD to employ Plaintiff for 1,000 hours before she could be terminated. Therefore, Plaintiff fails to state a claim for breach of contract.

---

[6] The Supreme Court of Virginia has held that a narrow public policy exception exists to this traditional rule. *Bowman v. State Bank of Keysville*, 229 Va. 534, 540 (1985). The Court finds such a narrow exception inapplicable on these facts.

## 2. Fraud[7]

In *Caperton v. A.T. Massey Coal Co.*, 285 Va. 537, 553 (2013) (marks omitted), the Virginia Supreme Court reiterated the elements of common law fraud : "[A] false representation of a material fact; made intentionally, in the case of actual fraud, or negligently, in the case of constructive fraud; reliance on that false representation to [plaintiff's] detriment; and resulting damage." To establish fraud, "it is essential that the defrauded party demonstrates the right to reasonably rely upon the misrepresentation." *Metrocall of Delaware, Inc. v. Continental Cellular Corp.*, 246 Va. 365, 374 (1993).

Plaintiff's fraud claims are tethered to her breach of contract claims. That is, Plaintiff argues that Partner JD and BrownGreer made promises or statements they knew, or should have known, were false about her job, namely that "if [she] fulfilled terms of the term to hire contract she would be hired as a full-time permanent employee." (Pl.'s Opp. to Mots. to Dismiss ¶ 72.) In particular, Plaintiff points specifically to two statements of Angela Davis ("Davis"), a human resources employee at BrownGreer.[8] Plaintiff alleges that in March of 2012, Davis "made a false representation to [Plaintiff]... to induce [her] to accept a position with the company" by stating that "company wanted to hire Plaintiff." (*Id.* at ¶ 79.) Further, Plaintiff alleges that, in May of 2012, Davis stated to Plaintiff that she "would be hired as a regular employee after working 1,000 hours and that it was anticipated that [Plaintiff] would be hired as a regular employee

---

[7] Plaintiff captions Count Three, "Fraud [and] Misrepresentation." The Court construes the invocation of misrepresentation as a constructive fraud claim.
[8] There are no direct statements attributed to PartnerJD or its employees. Presumably, Plaintiff is arguing that PartnerJD's email on November 2, 2012 constitutes a fraudulent representation because she understood it as entitling her to 1,000 hours.

9

within about a month as she has[d] reached over 900 hours of work as a contract to hire employee." (*Id.* at ¶ 80.)

The record before the Court demonstrates very clearly that the Plaintiff had no right reasonably to construe any forecast or future employment as a firm expectation legally binding PartnerJD or BrownGreer. As explained earlier, the scope and language of the Agreement is clear. Plaintiff's at-will employment is precisely the focus of an agency like PartnerJD. The notion that BrownGreer or PartnerJD intended to create anything other than an at-will employment structure is simply unreasonable. Moreover, the statements attributed to Davis can hardly be viewed as misrepresenting a material fact with regards to her employment. Notwithstanding the lack of reasonable reliance, Plaintiff's fraud claims are also barred by the economic loss rule. It is well-settled in Virginia that a party may not seek to recover tort damages "suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law." *Filak*, 267 Va. at 618. Here, the Plaintiff seeks to impermissibly convert her breach of contract claim to one of fraud. It is apparent that "whatever duties [the defendants] may have assumed arose solely from the parties' [Agreeement]." *Filak*, 267 Va. at 618–19. Accordingly, the economic loss rule precludes Plaintiff's fraud claims.

## IV. CONCLUSION

In sum, the Court finds that Plaintiff failed to state a claim for breach of contract or fraud and has failed to demonstrate that she exhausted her administrative remedies with respect to her Title VII claims. Accordingly, the defendants' Motions to Dismiss

10

will be granted and the case will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

                                                /s/
                                   Henry E. Hudson
                                   United States District Judge

Date: Aug. 20 2015
Richmond, Virginia